J.C. DAVIDSON, Plaintiff, v. WILLIAM F. DAVIDSON *et al.*, Defendants-Appellees (Neil F. Hartigan, Attorney General, Intervenor-Appellant).

First District (3rd Division)   No. 1—90—3092

Opinion filed March 10, 1993.

Roland W. Burris, Attorney General, of Springfield (Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellant.

Schreiber, Mack & Postweiler, of Orland Park (Thomas L. Murphy, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff J.C. Davidson brought this action in the circuit court seeking injunctive relief, monetary damages and other equitable relief against defendants William F. Davidson, James F. Davidson, Thomas Davidson, Scott Davidson and T.H. Davidson Co., Inc. Plaintiff, who is 77 years old, filed a motion to set preference for trial pursuant to section 2—1007.1(a) of the Code of Civil Procedure, which states:

"Preference in setting for trial. (a) A party who is an individual and has reached the age of 70 years shall, upon motion by that party, be entitled to preference in setting for trial unless the court finds that the party does not have a substantial interest in the case as a whole." Ill. Rev. Stat. 1989, ch. 110, par. 2—1007.1.

Defendants filed a motion to set aside the statute on the grounds that it is unconstitutional, and intervenor Neil H. Hartigan, Attorney General of Illinois, filed a memorandum in opposition to defendants' motion. The trial court entered an order declaring section 2—1007.1(a) of the Code of Civil Procedure unconstitutional. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1007.1.) Upon motion of the intervenor, the circuit court certified the following question of law for interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308):

"Whether paragraph 2—1007.1(a) of the Civil Practice Act which states that 'A party who is an individual and has reached the age of 70 years shall, upon motion by that party, be entitled to preference in setting for trial unless the court finds that the party does not have a substantial interest in the case as a whole' is unconstitutional as conflicting with the Supreme Court's rule making powers and whether the statute impermissibly interferes with a trial court's ability to control its own calendar."

This court granted intervenor's application for leave to appeal. We reverse and remand.

■■ The separation of powers clause of the Illinois Constitution provides: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) Thus, the judicial branch of government possesses the constitutional authority to promulgate procedural rules to facilitate the discharge of its constitutional duties. (*County of Cook, Cermak Health Services v. Illinois State Local Labor Relations Board* (1991), 144 Ill. 2d 326, 332, 579 N.E.2d 866, 870.) The legislature, however, may enact laws governing judicial practice, so long as the laws do not unduly infringe upon the inherent powers of the judiciary. *DeLuna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57, 73, 588 N.E.2d 1139, 1146.

■ Here, plainly the statute does not conflict with any supreme court rule or interfere with the ability of the trial court to control its own calendar. Under the circumstances, the statute implements a legislative intent to advance for trial the cases of senior citizens

who might otherwise not be able to have their cases heard, without infringing upon the inherent powers of the judiciary. The trial court therefore erred in holding the statute unconstitutional.

Accordingly, we hold, in answer to the certified question, that section 2—1007.1(a) of the Code of Civil Procedure is constitutional. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1007.1.) The order of the trial court is reversed and the case remanded for further proceedings.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.