(No. 75132.—▪▪▪▪▪▪)
CARRIE MESSENGER, Appellee, v. JIM EDGAR, Governor of the State of Illinois, *et al.*, Appellants.

*Opinion filed September 23, 1993.—Rehearing
denied November 29, 1993.*

164

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellants.

Kaufman & Litwin, of Chicago (Paul L. Feinstein, Stuart N. Litwin, Glen Kaufman and Darren K. Miller, of counsel), for appellee.

Sandra R. Murphy (Errol Zavett and Larry R. Kane, of Davis, Friedman, Zavett, Kane & MacRae, of counsel), all of Chicago, for *amicus curiae* Illinois Chapter, American Academy of Matrimonial Lawyers.

Peter H. Lousberg, Dennis A. Rendleman, Mary T. McDermott and David H. Hopkins, of Schiller, DuCanto & Fleck, of Springfield, for *amicus curiae* Illinois State Bar Association.

JUSTICE HARRISON delivered the opinion of the court:

The defendants, Jim Edgar, Governor of the State of Illinois, and Roland Burris, its Attorney General, bring a direct appeal, pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)), from a judgment of the circuit court of Cook County declaring unconstitutional that part of section 501.1 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/501.1 (West 1992)) providing for a "dissolution action stay" that takes effect upon service of a summons and petition filed under the Act and restrains the parties to the action from transferring or otherwise disposing of any property, except under certain circumstances, until a final judgment or further order of the court is entered or the proceeding is dismissed. The circuit court determined that the challenged portion of section 501.1 violates not only the protections of procedural due process guaran-

teed by the Constitutions of both the United States (U.S. Const., amend. XIV) and the State of Illinois (Ill. Const. 1970, art. I, §2) but also the doctrine of the separation of powers embodied in the constitution of this State (Ill. Const. 1970, art. II, §1).

More specifically, section 501.1 provides in relevant part as follows:

"(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgement is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from transferring, encumbering, concealing, destroying, spending, damaging, or in any way disposing of any property, without the consent of the other party or an order of the court, except in the usual course of business, for the necessities of life, or for reasonable costs, expenses, and attorney's fees arising from the proceeding, as well as requiring each party to provide written notice to the other party and his or her attorney of any proposed extraordinary expenditure or transaction[.]

\* \* \*

A restraint of the parties' actions under this Section does not, however, affect the rights of a bona fide purchaser or mortgagee whose interest in real property or whose beneficial interest in real property under an Illinois land trust was acquired before the filing of a lis pendens notice under Section 2—1901 of the Code of Civil Procedure.

(b) Notice of any proposed extraordinary expenditure or transaction, as required by subsection (a), shall be given as soon as practicable, but not less than 7 days before the proposed date for the carrying out or commencement of the carrying out of the extraordinary expenditure or transaction, except in an emergency, in which

event notice shall be given as soon as practicable under the circumstances. If proper notice is given and if the party receiving the notice does not object by filing a petition for injunctive relief under the Code of Civil Procedure within 7 days of receipt of the notice, the carrying out of the proposed extraordinary expenditure or transaction is not a violation of the dissolution action stay. The dissolution action stay shall remain in full force and effect against both parties for 14 days after the date of filing of a petition for injunctive relief by the objecting party (or a shorter period if the court so orders); and no extension beyond that 14 day period shall be granted by the court. For good cause shown, a party may file a petition for a reduction in time with respect to any 7 day notice requirement under this subsection.

(c) A party making any extraordinary expenditure or carrying out any extraordinary transaction after a dissolution action stay is in effect shall account promptly to the court and to the other party for all of those expenditures and transactions. This obligation to account applies throughout the pendency of the proceeding, irrespective of (i) any notice given by any party as to any proposed extraordinary expenditure or transaction, (ii) any filing of an objection and petition under this Section or the absence of any such filing, or (iii) any court ruling as to an issue presented to it by either party.

(d) If the party making an extraordinary expenditure or transaction fails to provide proper notice or if despite proper notice the other party filed a petition and prevailed on that petition, and the extraordinary expenditure or transaction results in a loss of income or reduction in the amount or in the value of property, there is a presumption of dissipation of property, equal to the amount of the loss or reduction, charged against the party for purposes of property distribution under Section 503.

(e) In a proceeding filed under this Act, the summons shall provide notice of the entry of the automatic dissolution action stay in a form as required by applicable rules." (750 ILCS 5/501.1 (West 1992).)

Section 501.1 became effective January 1, 1993. On January 20, 1993, Supreme Court Rule 101 was amended, and made effective immediately, to provide in subpart (e) that

> "[i]n all proceedings under the Illinois Marriage and Dissolution of Marriage Act, the summons shall include a notice on its reverse side referring to a dissolution action stay being in effect on service of summons, as well as setting forth, verbatim, the text of section 501.1(a) of such Act, through subprovision (3) thereof, and shall state that any person who fails to obey a dissolution action stay may be subject to punishment for contempt." 145 Ill. 2d R. 101(e).

On January 4, 1993, the plaintiff, Carrie Messenger, filed suit for dissolution of marriage and brought a separate action for declaratory judgment, as well as for other relief, alleging the unconstitutionality of the provisions of section 501.1 set forth above because, among other reasons, they deprive her of her property without due process of law and because it is the province of the courts, and not the legislature, to grant injunctions. Following a hearing the circuit court expressly found the challenged portion of section 501.1 unconstitutional and void, describing it as "a form of legislative recognition of a doctrine of equitable attachment which has as its purpose the sequestration of property pending some future relief, either real or imagined." The court held as well that the statute violates the doctrine of the separation of powers. The court denied the other relief plaintiff sought together with the defendants' oral motion to stay its order and ruled the unchallenged portions of section 501.1 severable and still in effect, those being sections 501.1(a)(2) and (a)(3), which restrain the parties from, respectively, physically abusing one another or a minor child of either of them and removing or concealing such a child.

We turn first to the preliminary question of whether the plaintiff has standing to maintain an action for declaratory judgment. The defendants contend that the plaintiff lacks standing to challenge the validity of section 501.1 because there is no evidence that she sustained or was in imminent danger of sustaining direct injury as a consequence of the operation of the statute. Defendants urge that since section 501.1 regulates extraordinary expenditures and transactions during the pendency of dissolution actions and there was no evidence that plaintiff made or intended to make any extraordinary transaction or expenditure "within the meaning of section 501.1," plaintiff was in no way aggrieved by it.

In Illinois standing requires only some injury in fact to a legally cognizable interest. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 492.) The claimed injury, whether actual or threatened, must be distinct and palpable, fairly traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the relief requested. (*Greer*, 122 Ill. 2d at 492-93.) In the context of an action for declaratory judgment, there must be an actual controversy between adverse parties. (*Greer*, 122 Ill. 2d at 493.) As used in this phrase, "actual" does not mean that a wrong must have been committed and an injury inflicted; rather, the term requires a showing that the underlying facts and issues of the case are not moot or premature with the result that a court passes judgment upon mere abstract propositions of law, renders an advisory opinion, or gives legal advice concerning future events. (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450.) The requirement of an actual controversy is meant only to distinguish justiciable issues from abstract or hypothetical disputes and is not intended to prevent the resolution of concrete disputes in which a

definitive and immediate determination of the rights of the parties is possible. *Gamefowl*, 75 Ill. 2d at 452.

In addition to the requirement of an actual controversy in order to have standing to bring an action for declaratory judgment, there is a second and somewhat related requirement, that the party seeking the declaration be interested in the controversy. (*Gamefowl*, 75 Ill. 2d at 450.) As used in that phrase, "interested" does not mean merely having a curiosity about or a concern for the outcome of the controversy (*Gamefowl*, 75 Ill. 2d at 450); rather, the party requesting the declaration must possess a personal claim, status, or right that is capable of being affected by the grant of such relief (*Greer*, 122 Ill. 2d at 493; *Gamefowl*, 75 Ill. 2d at 450-51). Although the requirement of standing is meant to preclude uninterested persons from suing, it is not meant to preclude a valid controversy from being litigated. (*Kluk v. Lang* (1988), 125 Ill. 2d 306, 315.) In order to prevent those persons who have no interest in a controversy from bringing suit, one who challenges the constitutionality of a statute must bring himself within the class as to whom the law is allegedly unconstitutional. (*Gamefowl*, 75 Ill. 2d at 451.) Thus, to have standing one must have sustained, or be in immediate danger of sustaining, a direct injury as a result of enforcement of the challenged statute. (*Gamefowl*, 75 Ill. 2d at 451.) Since standing is a component of justiciability, it must be defined on a case-by-case basis. *In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 280.

By operation of section 501.1, a dissolution action stay restraining the plaintiff from disposing of any of her property was in effect against her upon the service of summons and petition filed in her action for the dissolution of her marriage. She questions the constitutionality of the provision of the Act effecting such a stay. Plainly, her action for declaratory judgment presents for

resolution a concrete dispute in which a definitive and immediate determination of the rights of the parties is possible. Further, plaintiff possesses a right capable of being affected, namely, the right to her property. Moreover, an extraordinary, or unusual, expense is often an unexpected one that may well require immediate access to one's unfettered property. Although the injury about which plaintiff complains may, in fact, be merely threatened, rather than actual, the lack of immediate ascertainable damages is not itself a barrier to a grant of declaratory relief (*Greer*, 122 Ill. 2d at 493-94), which remedy should be applied liberally and not restricted by unduly technical interpretations (*Gamefowl*, 75 Ill. 2d at 452). Certainly the injury plaintiff alleges, that is, deprivation of her property, is a distinct and palpable one, as opposed to a generalized grievance common to all members of the public (*Greer*, 122 Ill. 2d at 494). Nor do defendants suggest that the injury, whether actual or threatened, is not fairly traceable to their actions. By operation of the challenged portion of section 501.1, plaintiff has sustained a direct injury to a legally cognizable interest, which injury can be redressed by the grant of the relief requested. Accordingly, we hold that plaintiff has standing to bring this action for declaratory judgment.

With regard to the merits of the controversy, the defendants assert, *inter alia*, that the challenged portion of section 501.1 did not deprive plaintiff of property without due process of law. The statute does not create an injunction, they argue, characterizing it, instead, as a notice provision that "does no more than declare it unlawful for a party to a dissolution proceeding to make an extraordinary expenditure or undertake an extraordinary transaction without first affording the other party notice of the same." Defendants describe the provision further as one imposing a requirement of disclosure that

"informs the parties to dissolution proceedings that an extraordinary expenditure or transaction undertaken without notice may give rise to a presumption of dissipation of property at the time of distribution of the marital estate." By contrast, plaintiff maintains that the dissolution action stay is an injunction imposed in violation of the protections of procedural due process in five respects: (1) the failure to provide for notice prior to the deprivation of one's property; (2) the failure to provide for a hearing prior to the deprivation of one's property; (3) the failure to provide for the filing of a factual affidavit; (4) the failure to require that a judge order the restraint; and (5) the failure to require a bond or specific finding as to why bond is not required. The Illinois State Bar Association and the Illinois chapter of the American Academy of Matrimonial Lawyers have filed separate briefs as *amici curiae*, in support of the constitutionality of the challenged provisions of section 501.1. The former portrays the dissolution action stay of this section as merely a mechanism to disclose the existence of property, albeit one with "injunctive-like language," a mechanism that is not itself an injunction, though it may lead to a petition for injunctive relief. It is, *amicus* declares, "a method of disclosure, not a taking or deprivation of property." The latter argues, likewise, that the stay is not an injunction but, rather, "a limited prohibition against transferring assets without a named punishment."

The defendants and *amici* rely upon this court's decision in *Bank of Aspen v. Fox Cartage, Inc.* (1989), 126 Ill. 2d 307, which, in turn, relies upon the decision, authored by Judge Learned Hand, in *Capital Co. v. Fox* (2d Cir. 1936), 85 F.2d 97, *aff'd* (1936), 299 U.S. 105, 81 L. Ed. 67, 57 S. Ct. 57. In the latter case, Judge Hand rejected the argument that a section of the Civil Practice Act of New York was unconstitutional for imposing an

injunction without a judicial order. The statute in question forbade a "third person" from transferring property belonging to a "judgment debtor" until further order of the court and specified that anyone who violated "the provisions of such restraining provision, shall be subject to punishment by the court *** as and for a contempt" (*Capital Co.*, 85 F.2d at 99). The court determined that the statute did no more than declare unlawful a third party's transfer of a judgment debtor's property after notice and impose the penalty of contempt for disobedience. "We are not," Judge Hand wrote, "to be deceived by the fact that the command of the statute is called an injunction or that it is punished by a court, not by trial to a jury." (*Capital Co.*, 85 F.2d at 100-01.) Similarly, in *Bank of Aspen*, a case involving supplementary proceedings to discover assets, this court concluded that the restraining provision of a citation issued to a third party was not an injunction, claimed to have been issued wrongfully so as to deprive the third-party citation respondent of due process, because the citation in question prohibited only the transfer of property of a judgment debtor held by a third party and simply notified the third party of the penalties for transferring or disposing of assets belonging to the judgment debtor. Markedly different from the provisions in *Capital Co.* and *Bank of Aspen*, however, is the provision of section 501.1(a)(1), which treats the transfer, not of another person's property, but one's own. Nor is it helpful to the defendants to characterize this section as merely a declaration that it is unlawful to dispose of one's own property.

It is plain that the effect of section 501.1(a)(1) is to restrain each party to an action for dissolution of marriage, in the absence of the consent of the other party or an order of the court, from disposing of any and all property, including that qualifying under the Act for the designation "non-marital property" (750 ILCS 5/503

(West 1992)). Although certain exceptions apply "in the usual course of business, for the necessities of life, or for reasonable costs, expenses, and attorney's fees arising from the proceeding," the scope of the restraint extends to the remainder of a party's property. Under the threat of triggering operation of a presumption of dissipation of property and the attendant consequences thereof, a party is restrained from using his own property to make extraordinary expenditures or transactions, which, however narrowly one may define "extraordinary," everyone, virtually without exception, is called upon to make from time to time. The effect of section 501.1(a)(1) far exceeds providing notice of extraordinary expenditures or transactions to the other party in an action for dissolution, as is evidenced in part by the plain language of this subprovision, which specifies that the dissolution action stay is one "restraining both parties" from disposing of any property in any way "*as well as* requiring each party to provide written notice to the other party and his or her attorney of any proposed extraordinary expenditure or transaction." (Emphasis added.) (750 ILCS 5/501.1(a)(1) (West 1992).) Had the legislature wished merely to require that a party to an action for dissolution provide notice of an extraordinary expenditure or transaction, it could have achieved that end by omitting much of section 501.1(a)(1). Although the circuit court described the restraint effected by this part of section 501.1 as an "automatic injunction without the obtaining of a court order, without notice, without hearing, without the exercise of any judicial discretion and without requiring a bond as security for possible damages caused by the injunction," we need determine, with regard to plaintiff's contentions concerning due process, only that section 501.1(a)(1) effects a restraint upon the disposition of property, and, thus, a deprivation of it, and not the precise nature of the restraint.

In the context of her contentions concerning procedural due process, plaintiff argues, as she did in the circuit court, that she has been denied due process, in part, because the restraint section 501.1(a)(1) imposes extends not only to what may be denominated as a party's "marital property" (750 ILCS 5/503 (West 1992)) but also to what may be characterized as a party's nonmarital property. However, the defect she addresses concerns the reach of the statute and, as such, cannot be cured by a modification of procedure. Thus, we view the infirmity she identifies as one of substantive, not procedural, due process.

Legislative enactments carry a strong presumption of constitutionality (*People v. Lindner* (1989), 127 Ill. 2d 174, 178), and a party attacking a law bears the burden of showing that it is unreasonable (*Pozner v. Mauck* (1978), 73 Ill. 2d 250, 255). It is well established that where, as here, the statute in question does not affect a fundamental constitutional right, the appropriate standard of review for determining whether substantive due process requirements have been met is the rational basis test. (*People v. Reed* (1992), 148 Ill. 2d 1, 11; *Lindner*, 127 Ill. 2d at 179.) The only inquiry of the court engaging in such a review is whether the legislation represents a rational means to accomplish a proper purpose. (*Pozner*, 73 Ill. 2d at 255.) Otherwise stated, the legislative enactment must bear a reasonable relationship to the public interest sought to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective. *Gamefowl*, 75 Ill. 2d at 453.

In enacting section 501.1(a)(1) the legislature has sought to prevent the dissipation and concealment of marital assets once proceedings have begun to dissolve a marriage. In attempting to accomplish this purpose, however, the legislature has imposed upon parties to the dissolution of marriage a stay that restrains them from

the disposition of not only marital assets but also property to which the other spouse can lay no claim upon the division of "marital property" made pursuant to section 503(d) of the Act (750 ILCS 5/503(d) (West 1992)). By virtue of the excessively broad sweep of this section to include a restraint affecting property that cannot be considered in any way a marital asset, the means adopted by the legislature is not a rational means of accomplishing its purpose. Hence, we conclude that the plaintiff has sustained the burden of establishing the invalidity of the challenged portion of section 501.1.

In light of our holding that this portion of section 501.1 exceeds constitutional bounds for violation of the guarantee of substantive due process, we need not address plaintiff's challenge with respect to adequacy of notice and hearing. Further, we need not consider plaintiff's additional argument that the challenged portion of section 501.1 is unconstitutional because it transgresses principles of the doctrine of the separation of powers. Inasmuch as a court of review is not bound to accept the reasons given by a circuit court for its judgment and the judgment may be sustained upon any ground warranted, regardless of whether the circuit court relied upon such ground and regardless of whether the reason given by the circuit court was correct (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387), we accordingly affirm the judgment of the circuit court.

*Affirmed.*