SECOND DIVISION

December 1, 1998

No. 1-97-2455

KAUFMAN, LITWIN AND FEINSTEIN, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. )

)

JIM EDGAR, Governor of Illinois, and )

JAMES E. RYAN, Attorney General of )

Illinois, )

)

Defendants-Appellees )

) Honorable

(John S. Elson, Intervenor-Defendant    ) John K. Madden,

and Cross-Plaintiff-Appellee). ) Judge Presiding.

JUSTICE McNULTY delivered the opinion of the court.

 Plaintiff, the law firm of Kaufman, Litwin and Feinstein, brought a declaratory judgment action alleging that certain 1997 amendments to the Illinois Marriage and Dissolution of Marriage Act are unconstitutional.  750 ILCS 5/501, 503, 508 (West 1996).  The trial court granted summary judgment in favor of defendants, Governor Jim Edgar and Attorney General of Illinois James E. Ryan and intervenor John S. Elson.  Plaintiff appeals, and we affirm.

Plaintiff is a Chicago law firm, with attorneys practicing in the domestic relations area.  On February 28, 1997, plaintiff filed a complaint for declaratory judgment seeking to invalidate sections 508(c), 508(d), and 508(f) of the Illinois Marriage and Dissolution of Marriage Act (Act)(750 ILCS 5/508(c),(d),(f)(West 1996)) on the ground that the provisions violate the separation of powers doctrine.  Plaintiff named as defendants Governor Jim Edgar, Attorney General James E. Ryan, and certain judges of the domestic relations division of the circuit court of Cook County.  Plaintiff also claimed that all or certain of these provisions of the Act are unconstitutional because they violate procedural and substantive due process, violate the contract clauses of the Illinois and United States Constitutions, and constitute special legislation.  On March, 31, 1997, plaintiff amended its complaint, claiming that sections 501(c-1)(2), 501(c-1))(3), 503(j), 508(b), and 508(e) of the Act also suffered from the same constitutional defects as those sections originally identified in the complaint. 750 ILCS 5/501(c-

1)(2), 501(c-1)(3), 503(j), 508(b),(e)(West 1996).      

On April 16, 1997, John E. Elson, a lawyer who practices in the domestic relations division of the circuit court of Cook County, filed a motion to intervene as a party in the action.  Elson stated that he had "extensive experience" with the provisions at issue in the case and had played a "major role in the drafting of those provisions."  

On May 1, 1997, the trial court granted Elson's motion to intervene.  On May 13, 1997, the trial court dismissed the defendant judges of the domestic relations division.  

On May 16, 1997, defendants and Elson filed motions for summary judgment.  On May 30, 1997, the trial court granted summary judgment in favor of defendants and Elson, finding that the amendments are constitutional.  Plaintiff appeals.  

Summary judgment is properly granted when the pleadings, depositions, and affidavits show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  
Benamon v. Soo Line R.R. Co.
, 294 Ill. App. 3d 85, 689 N.E.2d 366 (1997).  A reviewing court reviews the granting of a motion for summary judgment 
de
 
novo
.  
Benamon
, 294 Ill. App. 3d 88, 689 N.E.2d at 369.  The court of review also reviews 
de
 
novo
, a circuit court's decision with respect to the constitutionality of a statute.  
Brown's Furniture, Inc. v. Wagner
, 171 Ill. 2d 410, 665 N.E.2d 795 (1996).

A strong presumption of constitutionality attaches to legislative enactments.  
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997).  The party who challenges a statute's constitutionality bears the heavy burden of clearly establishing the violation alleged.  
People v. Jeffries
, 164 Ill. 2d 104, 646 N.E.2d 587 (1995).  Courts are obligated to affirm the validity of statutes if possible and to construe statutes so as to avoid doubts as to their validity.  
Rehg v. Illinois Department of Revenue
, 152 Ill. 2d 504, 605 N.E.2d 525 (1992).  

Plaintiff first claims on appeal that sections 508(b), 508(c)(1), 508(c)(2), 508(c)(3), 508(c)(4), 508(d) and 508(f) and 503(j)(3) of the Act violate the separation of powers provision contained in the Illinois Constitution.  Plaintiff claims that it is the province of the Illinois Supreme Court, not the General Assembly, to create supervisory rules for attorneys and that the challenged provisions purport to create new supervisory rules, separate and apart from those already existing.   Article II, section 1, of the Illinois Constitution of 1970 provides: [T]he legislative, executive and judicial branches are separate.  No  branch shall exercise powers properly belonging to another."  Ill. Const. 1970, art. II, §1.     

The separation of powers clause is not designed to produce a complete divorce among the branches of our single government.  
People v. Bryant
, 278 Ill. App. 3d 578, 663 N.E.2d 105 (1996).   The separate spheres of governmental authority may overlap.  
McAlister v. Schick
, 147 Ill. 2d 84, 588 N.E.2d 1151 (1992).  To determine whether a legislative enactment pertaining to judicial practice and procedure is constitutional, courts look to whether the statute conflicts with any court rules or unduly infringes on inherent judicial powers.  
Davidson v. Davidson
, 243 Ill. App. 3d 537, 612 N.E.2d 71 (1993).   

Where the legislature grants a right that neither existed at common law nor was granted by the constitution, it is free to define the parameters and application of its purely statutory creature.  
Stenger v. Germanos
, 265 Ill. App. 3d 942, 639 N.E.2d 179 (1994).  Illinois Supreme Court Rule 1 provides, in part: 

"The rules on proceedings in the trial court, together with the Civil Practice Law and the Code of Criminal Procedure, shall govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law."  134 Ill. 2d R. 1.  A dissolution of marriage proceeding is the particular kind of action to which the deferral requirements of Supreme Court Rule 1  are intended to apply.  
Strukoff v. Strukoff
, 76 Ill. 2d 53, 389 N.E.2d 1170 (1979).  

Plaintiff cites little or no case law and provides little if any legal reasoning supporting its position that the various amendments to the Act violate the separation of powers provision.  In most instances plaintiff, simply states that the amendments are unconstitutional.  We explain below why we find no constitutional violations.   

Plaintiff first claims that section 508(b) of the Act sets forth what "may be sanctionable conduct conflicting with Supreme Court Rules 137 and 219."  134 Ill. 2d Rs. 219, 237.  Section 508(b) provides that when the court finds that the failure to comply with an order or judgment under this section was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to promptly pay the costs and the reasonable attorney fees of the prevailing party.  750 ILCS 5/508(b)(West 1996).  Section 508(b) also provides that if the court finds "that a hearing under this Section was precipitated or conducted for an improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly."  750 ILCS 5/508(b)(West 1996).  Supreme Court Rules 137 and 219 give courts authority to sanction those who violate court orders.  134 Ill.

2d Rs. 137, 219.  

We find no conflict between section 508(b) and these supreme court rules since section 508 simply delineates more specific standards for sanctioning violations of court orders in the specific context of dissolution of marriage cases.  It is not a separation of powers violation for the legislature to remedy abuses of a statutory cause of action by enacting procedural rules more specific than those general remedies set forth in the supreme court rules.

Plaintiff next claims that section 508(c)(1) violates separation of powers, but plaintiff provides no explanation or support for its claim.  Section 508(c)(1) provides that no petition for settling final fees may be filed against a client unless the counsel has been granted leave to withdraw as counsel of record or has filed a motion for leave to withdraw.  750 ILCS 5/508(c)(West 1996) 

 In 1976 the legislature amended section 508 of the Act to provide that an attorney may sue his or her own client for fees while the attorney is still representing the client.  750 ILCS 5/508(c)(West 1994)  The 1976 amendment placed an attorney and client in an adversarial position during the course of court proceedings, thus creating a conflict of interest "inimical to the legal profession."  
In re Marriage of Pitulla
, 141 Ill. App. 3d 956, 961, 491 N.E.2d 90 (1986).  

The legislature has the authority to devise procedures to be followed in causes of action it creates, such as dissolution of marriage.  
Strukoff
, 76 Ill. 2d at 60.   The legislature also has the power to amend legislation to change a statutorily created procedure without violating separation of powers.  The 1997 amendment to section 508(c)(1) seeks to eliminate the problems created by the 1976 amendment and prevent the attorney and client from being placed in an adversarial position.  

We also note that section 508 is not mandatory.  Rather, section 508 only applies if an attorney seeks to utilize that section to obtain fees.  A separate action for fees may be maintained.  750 ILCS 5/508(e)(West 1996).  Thus, no separation of powers issue exits here.  

Plaintiff next takes issue with section 508(c)(2), which provides, in part, that the relief requested under a petition for setting final fees and costs brought against an attorney's own client constitutes a distinct cause of action, and a pending petition shall not affect the appealability of any judgment or other adjudication in the original proceeding.  750 ILCS 5/508(c)(2)(West 1996).  

Plaintiff claims that this provision violates the separation of powers clause and the supreme court case of 
In re Marriage of Leopando
, 96 Ill. 2d 114, 449 N.E.2d 137 (1983).  In 
Leopando
, the court held that a custody determination could not be appealed independently from the judgement for dissolution because custody is related to other issues in the dissolution case.  In 
In re Marriage of Kerman
, 253 Ill. App. 3d 492, 624 N.E.2d 870 (1993), however, the court specifically found that a pending hearing on a fee petition brought by an attorney against his client does not affect the finality of the dissolution of marriage judgment.  
Leopando
 and 
Kerman
 are not inconsistent since a final fee hearing between a client and counsel is independent of the issues between spouses in a dissolution of marriage case and has no impact on issues involved in the underlying divorce proceedings.

The 1997 amendment to section 508(c)(2) only addresses fee disputes between attorneys and their own clients. Thus, it is apparent that section 508(c)(2) does not conflict with 
Leopando
 but, rather, codifies the existing case law set forth in 
Kerman
.

Plaintiff next claims that section 508(c)(3) violates the separations of powers clause.  Section 508(c)(3) provides that if a valid contract is found to exist, it should be enforced.  750 ILCS 5/508(c)(3)(West 1996). The section also provides that the determination of reasonable attorney fees and costs under this section is within the sound discretion of the trial court and that the trial court may reduce the award otherwise determined appropriate or deny fees altogether if the court finds that aggregate billings to a client were "unconsciously excessive."  750 ILCS 5/508(c)(3)(West 1996).   

Plaintiff relies 
People ex rel. Coen v. Henry
, 301 Ill. 51, 133 N.E.2d 636 (1921).  In 
Coen
, the legislature passed a statute requiring courts to abate all cases currently pending regarding the formation of school districts.  The statute essentially told the court what decision to make in specific cases, regardless of the merits of those cases.  By contrast, section 508(c)(3) does not tell the court how to rule in a particular case.  Rather, it leaves the matter of how attorney-client fee contracts in individual cases should be enforced to the discretion of the court.  Thus, no separation of powers problem exists. 

Plaintiff next claims that section 508(c)(4) of the Act conflicts with Supreme Court Rule 86.  155 Ill. 2d R. 86.  Section 508(c)(4) provides that no final hearing for attorney fees and costs against an attorney's own client is permitted unless any controversy over fees and costs has first been submitted to mediation, arbitration, or any other court-approved alternative dispute-resolution procedure.  750 ILCS 5/508(c)(4)(West 1996).  In any circuit for a single county with a population in excess of 1 million, the alternative dispute resolution is mandatory unless both the client and counsel opt out of the procedure.  750 ILCS 5/508(c)(4)(A)(West 1996).  In any other circuit, the procedure is mandatory only if neither the client nor counsel opts out.  750 ILCS 5/508(c)(4)(B)(West 1996).

Supreme Court Rule 86(a) provides, in part, that mandatory arbitration shall be conducted in those judicial circuits that, with the approval of the supreme court, elect to utilize the procedure.  155 Ill. 2d R. 86(a).  Moreover, Supreme Court Rule 86(b) provides that a civil action shall be subject to mandatory arbitration if each claim is exclusively for money. 155 Ill. 2d R. 86(b).

Plaintiff provides us with no explanation as to why it believes section 508(c)(4) conflicts with Rule 86, and we are simply unable to find any such conflict.  Supreme Court Rule 86 specifies conditions under which a court can institute arbitration programs, but it does not indicate its intent to preclude the legislature from enacting new causes of action that would contain arbitration provisions.  Moreover, attorneys who do not want to participate in arbitration may seek fees by filing an independent breach of contract action, rather than seeking fees under section 508 of the Act.  
Nottage v. Jeka
, 172 Ill. 2d 386, 667 N.E.2d 91 (1996).

Plaintiff next takes issue with section 508(d) of the Act, which provides that in order to file a consent judgment against a client, an attorney must provide two affidavits.  750 ILCS 5/508(d)(West 1996).  One affidavit must be from the attorney and provide an itemized accounting of the time spent on the case.  750 ILCS 5/508(d)(West 1996).  The other affidavit must be from the client stating that he was given a copy of the itemized accounting, that he knows of his right to a hearing and counsel at that hearing, and that the client knows his right to be present at the hearing.  750 ILCS 5/508(d)(West 1996).  While plaintiff states that this provision violates the separation of powers provision, plaintiff gives us no explanation as to how such a violation occurs.  The affidavits required by this section assure that the court can knowledgeably decide whether the consent judgment is fair and deserves to be entered.  Section 508(d) therefore requires the parties to provide the court with more information, which will help the court exercise its discretion fairly and reasonably, and does not conflict with any supreme court rule or create a separation of powers problem.

 Plaintiff next claims that section 508(f) is unconstitutional because it requires detailed time records to be maintained on a quarterly bases, which contradicts case law allowing reconstruction of time and proof with oral testimony.  Section 508(c)(2) states that no final hearing for fees is permitted unless counsel and client entered into a written engagement agreement.  750 ILCS 5/508(c)(2)(West 1996). Section 508(f) requires the "Statement of Client’s Rights and Responsibilities" to be appended to the written engagement agreement.  750 ILCS 5/508(f)(West 1996).  One of the provisions included in that statement provides that "counsel will prepare and provide the client with an itemized billing statement detailing hourly rates (and/or other criteria), time spent, tasks performed, and costs incurred on a regular basis, at least quarterly."  750 ILCS 5/508(f)(5) (West 1996).  An attorney must follow the requirements of section 508(f) if he wishes to seek fees from his client in the dissolution case pursuant to section 508.  750 ILCS 5/508(f) (West 1996)  Because an attorney who does not wish to maintain time records may still seek fees through an independent law suit, this section does not conflict with common law.        

 Plaintiff next claims that section 503(j)(3) creates a separation of powers issue.  Section 503(j)(3) provides that a  party's petition for contribution will not be viewed as a waiver of attorney-client privilege.  750 ILCS 5/503(j)(3)(West 1996).  Again plaintiff provides no support for its claim that this provision "invades the province of the court."  This provision protects the interests of both the attorney and the client by allowing the attorney to have a hearing for fees without concern that the other party will use the hearing as an opportunity to discover otherwise privileged information.  We see no separation of powers issue here.  

Plaintiff next claims that certain provisions in the Act violate procedural and substantive due process.  Plaintiff first claims that sections 501(c-1)(2) and 501(c-1)(3) violate substantive due process.  Section 501(c-1)(2) provides that any assessment of interim fees shall be without prejudice as to any final allocation.  750 ILCS 5/501(c-1)(2)(West 1996).  Interim fees may be deemed ultimately to have been advances from the parties’ marital estate and any portion of any interim award constituting overpayment shall be remitted back to the appropriate party or parties or to successor counsel, as the court determines after giving notice.  750 ILCS 5/501(c-1)(2)(West 1996).

Section 501(c-1)(3) provides, in part, that the court shall assess an interim award against an opposing party in an amount necessary to enable the petitioning party to participate adequately in the litigation, if the court finds that the party from whom fees are sought has the ability to pay reasonable amounts and the party seeking fees and costs lacks sufficient access to assets or income to pay reasonable amounts.  750 ILCS 5/501(c-1)(3)(West 1996).  The statute also provides that if both parties lack financial ability or access to assets or income for reasonable attorney fees, the court shall enter an order that allocates available funds for each party's counsel, including retainers or interim payments or both, previously paid, in a manner that achieves substantial parity between the parties.  750 ILCS 5/501(c-1)(3)(West 1996).    

Plaintiff claims that these provisions violate substantive due process since they deprive lawyers of their right to keep fees they have earned.  In evaluating a substantive due process claim concerning nonfundamental rights, the court uses the "rational basis test."  
Messenger v. Edgar
, 157 Ill. 2d 162, 176, 623 N.E.2d 310 (1993).  Under this test, the court must determine whether the legislation has a reasonable relationship to the public interest sought to be protected and whether the means the legislature has adopted to achieve its goals are reasonably related to such goals.  
Messenger
, 157 Ill. 2d at 176.    

In claiming that the interim fee provisions are unconstitutional, plaintiff relies on 
Messenger
.  In 
Messenger
, the court found no rational relationship between the provision freezing the parties' nonmarital assets, as well as marital assets, and the law's goal of preventing the dissipation and concealment of marital assets once dissolution proceedings have begun.  157 Ill. 2d at 177.  Here, however, there is no such overbreadth problem. The legislature's goal is to level the playing field by equalizing the parties' litigation resources. The interim fee provisions bear a rational relationship to the purpose of the amendments.

We thus find that this interim fee provision is not facially unconstitutional.  Plaintiff raises certain scenarios in which the interim fee provision may unconstitionally deprive someone of his property.  Plaintiff raises concerns as to the interim fee provision being applied to divert money that parents have paid directly to their child's divorce attorney.  Our conclusion that the interim fee provision is facially constitutional does preclude a finding that, under particular circumstances, the provision has been unconstitutionally applied. 

Plaintiff next claims that section 501(c-1)(1) violates procedural due process because a lawyer who has already received fees may be forced to return the fees to the marital estate without being given the opportunity for a fair hearing.   The Act provides that the fee petition must be supported by one or more affidavits and the opposing party is given a reasonable opportunity to file a responsive pleading.  750 ILCS 5/501(c-1)(1)(West 1996).  The Act further provides the parties with the opportunity to show good cause for conducting an evidentiary hearing.  750 ILCS 5/501(c-

1)(1)(West 1996).  

A full evidentiary hearing is not always necessary in order to determine reasonable attorney fees.  In  
Raintree Health Care Center v. Illinois Human Rights Comm'n
, 173 Ill. 2d 469, 672 N.E.2d 1136 (1996), the supreme court noted that Illinois courts frequently award attorney fees without discovery by the party charged with paying them and without holding an evidentiary hearing.  The court found that a nonevidentiary proceeding is proper as long as the decision maker can determine, from the evidence presented in the petition and answer, what amount would be a reasonable award and the opposing party had an opportunity to be heard.  
Raintree
, 173 Ill. 2d 495-96.  Accordingly, we find no procedural due process violation here since an evidentiary hearing is still held if it is found to be necessary.               

Plaintiff next claims that section 508(c)(5), which states that an attorney who becomes a party by filing a fee petition is not entitled to a substitution of judges without cause, violates substantive due process.  750 ILCS 5/508(c)(5)(West 1996).  As noted above, we must determine whether the legislation has a reasonable relationship to the public interest sought to be protected and whether the means adopted by the legislature to achieve its goals are reasonably related to its goals.  
Messenger
, 157 Ill. 2d at 176.  

Due process guarantees the right to an impartial tribunal, but it does not guarantee the right to a particular judge.  
People v. Williams
, 124 Ill. 2d 300, 529 N.E.2d 558 (1988).  One of the primary purposes of section 508(c)(5) is to have the judge who is familiar with the litigation determine what is a reasonable fee.  Since the judge who heard the divorce proceedings is already familiar with the work the attorney put in on the case, the judge can more quickly and accurately determine a reasonable fee.  Thus, there is a rational basis to limiting substitutions of judges.  Moreover, if an attorney would like to retain the right to one substitution of judge without cause after having become a party to the litigation, he or she may file a separate action for fees, instead of seeking fees under section 508 of the Act.  
Nottage v. Jeka
, 172 Ill. 2d at 392.

Plaintiff next claims that the challenged provisions violate the contract clauses of the United States Constitution and Illinois Constitutions since they prevent an attorney from entering into and complying with contracts with clients.  The United States Constitution provides that no state shall pass any law impairing the obligation of contracts.  U.S. Const. art. I, §10.  The Illinois Constitution provides that no law shall be passed impairing the obligation of contracts.  Ill. Const. 1970, art. I, §16.  

In order to establish a violation of the contract clause, a plaintiff must meet a four-part test:

"First, the new legislation must involve a contractual obligation. Second, the legislation must impair the obligation. Third, the impairment must be substantial.  Fourth, in order to be valid, the impairment must be 'reasonable and necessary to serve an important public purpose.'"  
Bricklayers Union Local 21, v. Edgar
, 922 F. Supp. 100, 105 (N.D. Ill. 1996).  

The contract clause is only implicated when an existing contract is substantially impaired.  It has no application to future contracts.   
Bricklayers
, 92 F. Supp. at 105.  

Plaintiff in the instant case fails to allege that the challenged amendments impair the obligations of any existing contract.  The Act explicitly states that the amendment pertaining to written agreements applies only to cases filed on or after June 1, 1997.  750 ILCS 5/508(g)(1)(West 1996).  Moreover, the Act's provisions relating to attorney fees under section 508 are not mandatory.  The Act does not prevent an attorney from enforcing contractual provisions pursuant to a common law breach of contract action.  The challenged provisions only apply when an attorney uses section 508 of the Act to sue his or her client for fees in a dissolution case in which the attorney is representing the client.   Lastly, plaintiff claims that portions of section 508 that pertain to mandatory arbitration, quarterly time records, consent judgments, and substitution of judges are unconstitutional because they constitute special legislation because they only apply in dissolution of marriage cases and, thus, treat divorce lawyer as "second class citizens."  

The special legislation clause of the Illinois Constitution provides, "The General Assembly shall pass no special or local law when a general law is or can be made applicable."  Ill. Constit. 1970, art IV, §13.  This clause prohibits the legislature from conferring a special benefit or exclusive privilege on a person or a group of persons to the exclusion of others similarly situated.  
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997).  Special legislation discriminates in favor of a select group without a sound, reasonable basis.  
Chicago National League Ball Club, Inc. v. Thompson
, 108 Ill. 2d 357, 483 N.E.2d 1245 (1985).

Laws will not be regarded as special legislation merely because they affect one class and not another, provided they affect all members of the same class alike.  
Younquist v. City of Chicago
, 405 Ill. 21, 90 N.E.2d 205 (1950). In 
In re Marriage of Galvin
, 94 Ill. App. 3d 1032, 419 N.E.2d 417 (1981), the court held that the provision in section 508 which permits a court to award attorneys fees against their clients in dissolution cases in which they are representing those clients is not constitutionally prohibited special legislation.  We find that if it is not special legislation to provide attorneys in dissolution cases with the unique powers to sue clients for fees in cases in which they are representing those clients, it is not special legislation to provide clients with safeguards against the potential for exploitation created by the unique power section 508 has given to divorce attorneys.       

Accordingly, for the reasons set forth above, we affirm the trial court's finding that the challenged amendments to the Act are constitutional.

Affirmed.                

GORDON, P.J. and RAKOWSKI, J., concur.