Docket No. 90263–Agenda 17–September 2001.

PATRICK L. FLYNN
 et al.
, Appellees, v. GEORGE H. RYAN

 et al.
, Appellants.

JUSTICE FREEMAN delivered the opinion of the court:

At issue in this appeal is the constitutionality of Public Act 90–737 (the Act) (Pub. Act 90–737, eff. January 1, 1999)), an enactment that, 
inter alia
, created the State Gift Ban Act (5 ILCS 425/1 
et seq.
 (West 2000)).
 Plaintiffs Patrick Flynn, 
a former village trustee of the Village of New Lenox, and State Senator Dennis Jacobs, filed a declaratory judgment suit in the circuit court of Will County against defendants Governor George H. Ryan and Attorney General James E. Ryan, challenging the constitutionality of the Act. The circuit court held that the Act was invalid in its entirety. Defendants directly appeal to this court pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)). We reverse.

I. BACKGROUND

The Act created the State Gift Ban Act and amended various other statutes relating to matters of governmental ethics. The Act generally prohibits state officials and employees in the three branches of government, as well as their spouses and certain immediate family members, from soliciting or accepting gifts from “prohibited source[s],” including persons who are seeking official action by, doing business with, or conducting activities regulated by public officials or employees. 5 ILCS 425/5, 10 (West 2000). The Act sets forth 23 exceptions to this prohibition. 5 ILCS 425/15 (West 2000). The exceptions relevant to this case are as follows:

“(21) Golf or tennis; food or refreshments of nominal value and catered food or refreshments; meals or beverages consumed on the premises from which they were purchased.

***

(23) An item of nominal value such as a greeting card, baseball cap, or T-shirt.” 5 ILCS 425/15 (21), (23) (West 2000).

The Act also mandates that ethics officers be designated for the various branches of government. 5 ILCS 425/35 (West 2000). The officers have a duty to “provide guidance to members, officers, employees, and judges in the interpretation and implementation of [the] Act.” 5 ILCS 425/35(2) (West 2000).

Violators of the Act are penalized in two ways. The first is criminal prosecution and a fine of $5,000. 5 ILCS 425/70 (West 2000). The second mechanism applies to public officials and employees. Under the Public Act 90–737, each branch of government is required to create an ethics commission. These commissions may hear complaints against persons falling under their jurisdiction and may also impose a fine. 5 ILCS 425/45(a)(1) through (a)(7), 60(e) (West 2000). A commission may also recommend further sanctions to the violator’s “ultimate jurisdictional authority,” including “[d]ismissal, removal from office, impeachment, or expulsion.” 5 ILCS 425/65(a)(4) (West 2000). The ultimate jurisdictional authority may then “take disciplinary action against the person as recommended by a commission or as it deems appropriate, to the extent it is constitutionally permissible for the ultimate jurisdictional authority to take that action.” 5 ILCS 425/65(c) (West 2000).

Section 83 of the Act requires units of local government to prohibit the solicitation and acceptance of gifts by public officials. Section 83 provides in relevant part:

“Within 6 months after the effective date of this Act, units of local government, home rule units, and school districts shall prohibit the solicitation and acceptance of gifts, and shall enforce those prohibitions, in a manner substantially in accordance with the requirements of this Act and shall adopt provisions no less restrictive than the provisions of this Act. Non-salaried appointed or elected officials may be exempted.” 5 ILCS 425/83 (West 2000).

Public Act 90–737 also amended the Election Code (10 ILCS 5/1–1 
et seq.
 (West 2000)) in two significant respects. First, the Act amended section 9–8.15 of the Election Code. That section now provides:

“Contributions shall not be knowingly offered or accepted on a face-to-face basis by public officials or employees or by candidates on 
State property
 except as provided in this Section.” (Emphasis added.) 10 ILCS 5/9–8.15 (West 2000).

Public Act 90–737 also amended section 9–23 of the Election Code, authorizing the State Board of Elections to impose a civil penalty of up to $5,000 against persons who fail or refuse to comply with various Board orders issued under article 9 of the Code. The following language was also added to section 9–23:

“The name of a person who has not paid a civil penalty imposed against him or her under this Section shall not appear upon any ballot for any office in any election while the penalty is unpaid.” 10 ILCS 5/9–23 (West 2000).

In March 1999, plaintiffs filed a five-count complaint, seeking a declaration that Public Act 90–737 was unconstitutional and an injunction against enforcement of the Act. We note that plaintiffs had not been charged with any violation of the Act at the time they filed their lawsuit.

Count I of the complaint alleged that the Act violated the separation of powers provision of the Illinois Constitution (Ill. Const. 1970, art. II, §2) in two ways: (1) by creating standards of ethical conduct for members of the executive and judicial branches of government; and (2) by creating mandatory mechanisms for the executive and judicial branches to enforce those standards. See 5 ILCS 425/35 (West 2000); 5 ILCS 425/45(a)(1) through (a)(7) (West 2000).

Count II alleged that the Act violates article IV, section 14, of the Illinois Constitution (Ill. Const. 1970, art. IV, §14) by providing for a method to remove executive and judicial branch officials. See 5 ILCS 425/65(a)(4) (West 2000).

Count III alleged that the Act’s amendment to section 9–23 of the Election Code unconstitutionally imposed an additional requirement for holding statewide office. That section provides as follows:

“The name of a person who has not paid a civil penalty imposed against him or her under this Section shall not appear upon any ballot for any office in any election while the penalty is unpaid.” 10 ILCS 5/9–23 (West 2000).

Count IV of the complaint alleged that the Act was passed in violation of the single subject provision of the Illinois Constitution (Ill. Const. 1970, art. IV, §8(d)).

Finally, count V alleged that several provisions of the Act were unconstitutionally vague in violation of the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2). In particular, count V challenged the lucidity of the definitions of “[g]olf or tennis” (5 ILCS 425/15(21) (West 2000)), items of “nominal value” (5 ILCS 425/15(23) (West 2000)), and “State property” (10 ILCS 5/9–8.15 (West 2000)). Count V also alleged that section 83 of the Act, requiring units of local government to implement their own gift prohibitions, does not adequately apprize local officials of what is required by the law.

Defendants filed an answer to the complaint, in part, arguing that plaintiffs lacked standing to challenge the aspects of the Act related to the executive and judicial branches of government. The trial court dismissed count IV of the complaint. The parties then filed cross-motions for summary judgment. In their motion, plaintiffs claimed, in part, that they had standing to raise their arguments as potential “prohibited sources,” 
i.e.
, gift-givers, under the Act.

Following a hearing on the cross-motions, the trial court issued a written order. The court found, among other things, that: (1) plaintiffs had standing to challenge the Act as “prohibited sources” under the Act; (2) the Act is unconstitutionally vague; (3) the Act violates the separation of powers provision of the Illinois Constitution; (4) the Act contravenes article IV, section 14, of the Illinois Constitution by providing an additional means to accomplish the removal of executive and judicial branch officials; (5) the Act unconstitutionally imposes an additional requirement for persons holding public office; and (6) the offending provisions of the Act are too mutually connected to be severed from the remainder of the Act.

Defendants now appeal, primarily arguing that (1) the trial court erred by invalidating portions of the Act on its face on vagueness grounds where plaintiffs did not allege a first amendment interest at stake in the Act; and (2) plaintiffs lacked standing to raise arguments regarding alleged encroachments upon the powers of the executive and judicial branches of government because neither plaintiff is an official of the executive or judicial branch of government.

II. ANALYSIS

All statutes are presumed to be constitutional. 
People v. Sypien
, 198 Ill. 2d 334, 338 (2001). The party challenging the constitutionality of a statute has the burden of rebutting this presumption and clearly establishing a constitutional violation. 
People v. Carney
, 196 Ill. 2d 518, 526 (2001). We review 
de novo
 a circuit court’s holding that a statute is unconstitutional. 
People v. Jung
, 192 Ill. 2d 1, 4 (2000). 

Before addressing the merits of the circuit court’s conclusion regarding the constitutionality of the Act, however, there is a threshold matter to consider. That is, did plaintiffs have standing to raise all or any of their constitutional claims. Standing is a preliminary question in all declaratory judgment actions.
 
Illinois Gamefowl Breeders Ass’n v. Block
, 75 Ill. 2d 443, 450 (1979).
 

In Illinois, standing is shown by demonstrating “some injury in fact to a legally cognizable interest.” 
Messenger v. Edgar
, 157 Ill. 2d 162, 170 (1993).
 There are two components to the standing requirement in the context of declaratory judgment actions. There must be an
 “actual controversy”
 between adverse parties, and the party seeking the declaratory judgment must be “interested” in the controversy. 
Messenger
, 157 Ill. 2d at 170-71;
 
Gamefowl Breeders
, 75 Ill. 2d at 450-51, quoting 
Underground Contractors Ass’n v. City of Chicago
, 66 Ill. 2d 371, 375-76 (1977).
 

In defining these components, this court has stated that the “actual controversy” requirement 

“ ‘
does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]

The second, and somewhat related requirement, is that the party seeking the declaration must be ‘interested in the controversy.’ [Citation.] The word, ‘interested’ does not mean merely having a curiosity about or a concern for the outcome of the controversy. Rather, the party seeking relief must possess a personal claim, status, or right which is capable of being affected. [Citations.] The dispute must, therefore, touch the legal relations of parties who stand in a position adverse to one another.’ ” 
Gamefowl Breeders
, 75 Ill. 2d at 450-51, quoting 
Underground Contractors Ass’n
, 66 Ill. 2d at 375-76.

Accord 
Messenger
, 157 Ill. 2d at 170-71.

Thus, to have standing to bring a declaratory judgment action challenging the validity of a statute, one must have sustained, or be in immediate danger of sustaining, a direct injury as a result of enforcement of the statute. 
Messenger
, 157 Ill. 2d at 171; 
Gamefowl Breeders
, 75 Ill. 2d at 451
.

Applying these standards to the case at bar, it is clear that plaintiffs lack standing to advance any of the claims they raised in the circuit court. 

Plaintiffs’ first argument is that certain sections of the Gift Ban Act are unconstitutionally vague. Plaintiffs contend that they have standing to raise this argument 
because they are subject to the terms and provisions of the Act, including the Act’s enforcement provisions (5 ILCS 425/65, 70 (West 2000)). In addition, they claim they are “prohibited sources” under the Act. See 5 ILCS 425/5 (West 2000). Plaintiffs, however, do not suggest that they have sustained or are in immediate danger of sustaining disciplinary action or any direct injury under the Act, nor 
do they
 even claim that they have given or would 
like
 to give a prohibited gift under the Act. In short, plaintiffs have not demonstrated that they have sustained or are in danger of sustaining a direct injury as a result of enforcement of the challenged statute. 
Messenger
, 157 Ill. 2d at 171; 
Gamefowl Breeders
, 75 Ill. 2d at 451; see also 
People v. Blackorby
, 146 Ill. 2d 307, 320-21 (1992) (person has no standing to challenge section of criminal statute under which he had not been charged). Thus their challenge requests this court to issue an advisory opinion. This we cannot do.
(footnote: 1) See, 
e.g.
, 
Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago
, 189 Ill. 2d 200, 206 (2000) (“[a] fundamental rule of constitutional law is that a court will not determine the constitutionality of a provision of a statute which does not affect the parties to the cause under consideration”). 

Another of plaintiffs’ arguments alleges that the Act violates separation of powers. This argument targets the Act’s creation of standards of ethical conduct for members of the executive and judicial branches of government and the creation of mechanisms to enforce those standards. Neither plaintiff has claimed to be a member of the executive or judicial branch of government, however. As a result, again, neither plaintiff is an “interested party” (
Messenger
, 157 Ill. 2d at 171; 
Gamefowl Breeders
, 75 Ill. 2d at 451
)
 with a personal claim, status, or right capable of being affected by a determination that the Act violates separation of powers. For the same reason, plaintiffs lack standing to pursue their claim that the Act violates article IV, section 14, of the Illinois Constitution by providing an additional means to accomplish the removal of
 judicial
 and 
executive
 branch officials.

Finally, we turn to plaintiffs’ argument that the Act unconstitutionally imposed an additional requirement for holding statewide office by providing that the name of a person who has not paid a previously imposed civil penalty under the Election Code “shall not appear upon any ballot for any office.” 10 ILCS 5/9–23 (West 2000). As detailed above, standing in this context not only requires an “interested party,” but also an “actual controversy.” While a wrong need not have been committed and an injury inflicted, there must be a concrete dispute where a definitive and immediate determination of the rights of the parties is possible. 
Messenger
, 157 Ill. 2d at 170-71. Plaintiffs have not demonstrated that there is a concrete dispute in this case. Neither of the plaintiffs has alleged that he has been subject to or threatened with being removed from a ballot as provided by section 9–23. In fact, neither plaintiff has alleged that a civil penalty has ever been imposed against him under the Election Code such that he would be in danger of being removed from a ballot. Accordingly, plaintiffs lack standing to pursue this claim as well.

III. CONCLUSION

For the reasons set forth above, the trial court erred by declaring Public Act 90–737 unconstitutional. The complaint should have been dismissed in its entirety because plaintiffs lacked standing to urge any of the constitutional claims they raised. Accordingly, we reverse the trial court’s judgment invalidating Public Act 90–737.

Reversed.

FOOTNOTES
1:
There is some question whether we should consider plantiffs’ standing to raise their vagueness challenge to the Gift Ban Act. Before the circuit court defendants unsuccessfully challenged plaintiffs’ standing to bring any of the challenges they raised. Before this court, defendants renew most of their standing challenges. But in their reply brief, defendants state that they “do not question the plaintiffs’ right to contest 
some
 aspects of the law (e.g., the gift ban prohibition and related exceptions).” (Emphasis in original.) Because lack of standing is an affirmative defense (
In re A.W.J.
, 197 Ill. 2d 492, 496 (2001); 
Greer v. Illinois Housing Development Authority
, 122 Ill. 2d 462, 494 (1988)), it could be argued that defendants have waived the standing issue. 

Nevertheless, we choose to consider plaintiffs’ standing to bring their vagueness challenge. As this court has many times stated, waiver is an admonition to the parties, not a limitation on the powers of this court. 
In re W.C.
, 167 Ill. 2d 307, 323 (1995); 
In re C.R.H.
, 163 Ill. 2d 263,
 274 (1994). Moreover, it is a well-established rule that this court will not address the constitutionality of a statute if the case may be decided on other grounds. See, 
e.g.
, 
In re Barbara H.
, 183 Ill. 2d 482, 492 (1998); 
In re S.G.
, 175 Ill. 2d 471, 479 (1997). And in declaratory judgment actions, standing is a preliminary question which should be considered at the outset. 
Gamefowl Breeders Ass’n
, 75 Ill. 2d at 450. Accordingly, we find it is proper to consider plaintiffs’ standing to bring their vagueness challenge before evaluating the merits of the argument.