Docket No. 87644–Agenda 19–November 1999.

CHICAGO TEACHERS UNION, LOCAL 1, 
et al.
, Appellees, v. THE BOARD OF EDUCATION OF THE CITY OF

 CHICAGO 
et al.
,  Appellants.

Opinion filed January 21, 2000.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

At issue in this case is the constitutionality of section 2–3.25g of the Illinois School Code (105 ILCS 5/2–3.25g (West 1996)), which allows school districts to petition the State Board of Education for waiver or modification of the School Code’s mandates. The circuit court held that the statute constituted an impermissible delegation of legislative authority and could not serve as the basis for excusing the board of education of the City of Chicago from having to comply with certain mandates pertaining to physical education classes. On the parties’ cross-motions for summary judgment, the circuit court declared the statute invalid and enjoined the Chicago board of education from waiving daily physical education classes for students in eleventh and twelfth grade. The Chicago board of education and the State Board of Education appealed directly to our court. 134 Ill. 2d R. 302(a)(1). We reverse.

Section 2–3.25g provides:

“Notwithstanding any other provisions of this School Code or any other law of this State to the contrary, school districts may petition the State Board of Education for the waiver or modification of the mandates of this School Code or of the administrative rules and regulations promulgated by the State Board of Education. Waivers or modifications of administrative rules and regulations and modifications of mandates of this School Code may be requested when a school district demonstrates that it can address the intent of the rule or mandate in a more effective, efficient, or economical manner or when necessary to stimulate innovation or improve student performance. ***

* * *

A request for a waiver from mandates contained in this School Code shall be submitted to the State Board within 15 days after approval by the board of education. The State Board shall review the applications and requests for completeness and shall compile the requests in reports to be filed with the General Assembly. The State Board shall file reports outlining the waivers requested by school districts and appeals by school districts of requests disapproved by the State Board with the Senate and the House of Representatives before each May 1 and October 1. The General Assembly may disapprove the report of the State Board in whole or in part within 30 calendar days after each house of the General Assembly next convenes after the report is filed by adoption of a resolution by a record vote of the majority of members elected in each house. If the General Assembly fails to disapprove any waiver request or appealed request within such 30 day period, the waiver or modification shall be deemed granted. Any resolution adopted by the General Assembly disapproving a report of the State Board in whole or in part shall be binding on the State Board.” 105 ILCS 5/2–3.25g (West 1996).

Pursuant to this legislation, the Chicago board of education applied for a waiver from the mandate in section 27–6 of the School Code (105 ILCS 5/27–6 (West 1996)) requiring pupils to engage in daily courses of physical education. The waiver pertained only to students in the eleventh and twelfth grades. It was submitted in connection with a program instituted by the Chicago board of education to improve academic performance in the City’s high schools following the General Assembly’s determination that the public schools were suffering an “educational crisis” (105 ILCS 5/34–3.3 (West 1996)).

Under the Chicago board of education’s plan, physical education requirements were reduced while mathematics, science and foreign language requirements were substantially increased. Physical education courses were still offered, but were only mandatory for the first two years of high school. After that, they were elective and were not necessary for graduation. By contrast, the mathematics requirement was raised from two years to three, the science requirement from one year to three, and the foreign language requirement from nothing to two years.

The Chicago board of education pursued the requested waiver in accordance with the procedural requirements of the statute, including the requirements for notice and a public hearing. The State Board subsequently determined that the waiver application was complete and compiled it with requests for waivers from other school districts in a report it filed with the General Assembly. The General Assembly did not disapprove the waiver following receipt and consideration of the State Board’s report. In accordance with the statute, the waiver was therefore deemed to have been granted.

When the Chicago Board of Education was about to implement its plan following approval of the waiver, plaintiffs initiated this action for declaratory and injunctive relief. As the litigation proceeded, the list of plaintiffs came to include two physical education teachers employed by the Chicago board of education; Chicago Teachers Union, Local No. 1, the union representing physical education teachers employed by the Chicago board; parents of two students who attended public high school in Chicago; and several individuals who alleged that they were taxpayers and parents of elementary school students.

 As grounds for their complaint, plaintiffs alleged that section 2–3.25g of the Illinois School Code (105 ILCS 5/2–3.25g (West 1996)) violated the principle of separation of powers and “encroached upon the power of the General Assembly and the Governor to enact and approve amendatory legislation.” Plaintiffs sought a declaratory judgment that the law was invalid and that the waiver obtained by the Chicago board of education pursuant to the statute was “void and without legal effect.” Plaintiffs further asked that the court enjoin defendants from “approving, adopting, or enforcing” waiver of the physical education requirement for “students in grades 9 through 12.”

Defendants each moved to dismiss plaintiffs’ complaint on the grounds that plaintiffs lacked standing. Plaintiffs and the defendant State Board also filed cross motions for summary judgment. The circuit court granted the motions to dismiss as to the Chicago Teachers Union and the plaintiffs who claimed standing based on their status as parents of students. It ruled, however, that the two physical education teachers did have standing to challenge the statute, as did the plaintiffs who asserted standing based on their status as taxpayers. The court further ruled that plaintiffs were entitled to summary judgment and that summary judgment should be entered against the State Board of Education. The court declared section 2–3.25g to be invalid and held that the waiver sought by the Chicago board and approved by the General Assembly pursuant to that statute had no legal effect. In accordance with that determination, the court enjoined the Chicago board from waiving daily physical education requirements for eleventh and twelfth grade students.

Defendants now appeal the circuit court’s judgment, arguing that the circuit court erred in declaring the statute invalid. Defendants also contend that the remaining plaintiffs lack standing to challenge the statute and that the circuit court should therefore have dismissed the case based on lack of standing as to all of the plaintiffs, including the physical education teachers and the individuals claiming standing as taxpayers.

A fundamental rule of constitutional law is that a court will not determine the constitutionality of a provision of a statute which does not affect the parties to the cause under consideration. 
People v. Hamm
, 149 Ill. 2d 201, 214 (1992). Accordingly, in addressing defendants’ arguments, we shall begin with the issue of standing.

Under Illinois law, lack of standing is an affirmative defense.
 Greer v. Illinois Housing Development Authority
, 122 Ill. 2d 462, 494 (1988). A plaintiff need not allege facts establishing standing. Rather, it is the defendant’s burden to plead and prove lack of standing. 
People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van
, 177 Ill. 2d 314, 329-30 (1997).

The defendants in this case challenged plaintiffs’ standing by way of motions for involuntary dismissal under section 2–619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(9) (West 1996)). Because the lack of standing is an affirmative defense, that was a proper way for defendants to raise the issue. 
Glisson v. City of Marion
, 188 Ill. 2d 211, 220 (1999).

In ruling on a section 2–619 motion, a court must accept as true all well-pleaded facts in plaintiff’s complaint and all inferences that can reasonably be drawn in plaintiff’s favor.
 Hermitage Corp. v. Contractors Adjustment Co.
, 166 Ill. 2d 72, 85 (1995). The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. Our review of a trial court’s disposition of a section 2–619 motion is 
de novo
. 
Carver v. Nall
, 186 Ill. 2d 554, 557 (1999).

The doctrine of standing is intended to assure that issues are raised only by those parties with a real interest in the outcome of the controversy. 
Glisson
, 188 Ill. 2d at 221. To have standing to challenge the constitutionality of a statute, one must have sustained or be in immediate danger of sustaining a direct injury as a result of enforcement of the challenged statute. 
Messenger v. Edgar
, 157 Ill. 2d 162, 171 (1993). The claimed injury must be (1) distinct and palpable; (2) fairly traceable to defendant’s actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief.
 Glisson
, 188 Ill. 2d at 221.

In the case before us, there are only two remaining categories of plaintiffs. The first group, consisting of the two physical education teachers, alleged that the challenged statute harms them because a waiver obtained pursuant to the law diminishes the need for physical education teachers, thereby reducing their job security and career opportunities. As defendants point out, however, any such adverse consequences are purely speculative. The waiver does not mean that physical education classes cannot be offered or will not be offered. Physical education classes will be available for eleventh and twelfth grade students, just as they were before. The difference is that after the waiver, they will be elective rather than compulsory.

Because the classes will be elective, students need not take them in order to satisfy the requirements for graduation. While that may lead to a reduction in registrations for physical education classes, the scope and effect of any such reduction is purely conjectural. We note, moreover, that the law already allows school boards to excuse eleventh and twelfth graders from engaging in physical education courses, regardless of any statutory waiver, if the pupils so request for any of several enumerated reasons, including the need to enroll in academic classes required for graduation. 105 ILCS 5/27–6 (West 1996). Because school boards have the power to excuse pupils from physical education courses on a case-by-case basis, the Chicago board could accomplish its same objectives, with the same potential impact on physical education class enrollment, even without securing a waiver under section 2–3.25g.

To the extent that a waiver under section 2–3.25g might yield a diminution in the size or number of physical education classes, that change would not necessarily harm the teachers who have brought this suit. Both are tenured teachers who chair the physical education departments at their respective schools. If their services were not needed to teach eleventh and twelfth grade pupils, they would still have the opportunity to provide instruction to ninth and tenth grade students, for whom there has been no waiver of the daily physical education course requirement. Under these circumstances, the teachers cannot be said to have sustained or be in immediate danger of sustaining a direct injury as a result of enforcement of the challenged statute that is distinct and palpable and substantially likely to be prevented or redressed by the grant of the requested relief. The circuit court therefore erred in refusing to dismiss the teachers from the litigation based on lack of standing.

Because the teachers lack standing, and because no appeal was taken from the circuit court’s dismissal, for lack of standing, of the Chicago Teachers Union and the plaintiffs who asserted standing in their capacity as parents, the viability of this action turns on the standing of the only other category of plaintiffs remaining in the litigation: the individuals who asserted standing as taxpayers. There are three such individuals: Cathy Sheffer, Curtis Davis, and Connie Jane Thorps. Although none of those individuals pay property tax to fund the Chicago public school system, the circuit court believed they had standing to challenge the Chicago board’s actions under section 11–301 of the Code of Civil Procedure (735 ILCS 5/11–301 (West 1996)). That statute provides that “any citizen and taxpayer of the State” may bring an action “to restrain and enjoin the disbursement of public funds by any officer or officers of the State government.”

By its terms, section 11–301 is inapplicable to this case. The only injunctive relief awarded here was directed to the Chicago board and pertained to its waiver of the daily physical education classes for eleventh and twelfth graders. Without reaching the question of whether implementation of the waiver can be construed as “the disbursement of public funds,” we note simply that the Chicago board is not an officer of state government. In addition, taxpayer actions under section 11–301 of the Code of Civil Procedure must follow certain procedural requirements, which are set out in section 11–303 of the Code of Civil Procedure (735 ILCS 5/11–303 (West 1996)). Plaintiffs here made no attempt to proceed in accordance with those provisions. The circuit court therefore erred in holding that they could bring a taxpayer action under the statute.

For the foregoing reasons, the judgment of the circuit court is reversed and plaintiffs’ cause of action is dismissed.

Reversed.