2016 IL App (1st) 152738

SIXTH DIVISION
Opinion filed: May 6, 2016

No. 1-15-2738

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| WELLS FARGO BANK N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 13 CH 15657 |
| | ) | |
| CHESTER BEDNARZ, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| (The Forest Ridge at Westgate Valley; Elite Homes | ) | |
| Condominium Association; Oak Lawn Joint Venture, | ) | |
| LLG; Barclays Bank Delaware; Capital One Bank | ) | |
| (USA), N.A.; Unknown Owners and Non-Record | ) | |
| Claimants, | ) | Honorable |
| | ) | Michael Otto, |
| Defendants.) | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment, with opinion.

**OPINION**

¶ 1    The plaintiff, Wells Fargo Bank, N.A., filed an action under the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2012)), seeking to foreclose on residential property owned by the defendant, Chester Bednarz. The defendant moved to dismiss the complaint under section 2-615 of the Code of Civil Procedure (Code) (735

ILCS 5/2-615 (West 2012)), arguing that it relied upon form allegations contained in section 15-1504(c) of the Foreclosure Law (735 ILCS 5/15-1504(c) (West 2012)) which violate the procedural due process guarantees of the United States Constitution (U.S. Const., amends. V, XIV), and the separation of powers doctrine of the Illinois Constitution. Ill. Const. 1970, art. II, § 1. The circuit court denied the defendant's motion and subsequently entered summary judgment for Wells Fargo. The defendant now appeals, challenging only the court's denial of his motion to dismiss. For the reasons that follow, we affirm.

¶ 2     In 2004, the defendant executed a note to Wells Fargo secured by a mortgage on his property in Palos Park. On June 27, 2013, after the defendant fell behind on his modified payments, Wells Fargo filed the instant action against the defendant and other entities[1] seeking to foreclose on the mortgage. The essential allegations of the complaint tracked a form complaint that is set forth in section 1504(a) of the Foreclosure Law. As required under this section, Wells Fargo attached a copy of the mortgage and note to the complaint.

¶ 3     On September 4, 2013, the defendant filed his appearance and then filed a motion to dismiss the complaint pursuant to section 2-615 of the Code. The motion challenged the constitutionality of section 15-1504(c) of the Foreclosure Law, which enumerates multiple additional allegations which are "deemed and construed" to be included in complaints that are derived from the form complaint set forth in section 15-1504(a). See 735 ILCS 5/15-1504(c) (West 2012). The defendant argued that section 15-1504(c) is a violation of the procedural due process guarantees under the fifth and fourteenth amendments of the United States Constitution (U.S. Const., amends. V, XIV). The defendant also argued that section 15-1504(c) violates the

---

[1] The remaining defendants were subsequently dismissed from this action pursuant to a default order.

doctrine of separation of powers under the Illinois Constitution (Ill. Const. 1970, art. II, § 1) because it constitutes a usurpation of the role of the judiciary to determine the proper elements necessary to state a claim for foreclosure. In its response, Wells Fargo argued, in relevant part, that the defendant lacked standing to challenge the constitutionality of section 15-1504(c) on due process grounds and that the legislature's enactment of the statute is not an infringement on the power of the judiciary.

¶ 4    On September 4, 2014, the circuit court entered an order denying the defendant's motion to dismiss and giving him 28 days to answer the complaint.[2] Thereafter, Wells Fargo filed a motion for summary judgment, which the circuit court granted in a written order entered on April 1, 2015. Pursuant to that order, the subject property was sold at a judicial sale. On August 25, 2015, the court entered both an order approving the sale and a deficiency judgment against the defendant in the sum of $79,325.94. The instant appeal followed.

¶ 5    The defendant's arguments on appeal are addressed solely to the propriety of the trial court's denial of his section 2-615 motion challenging the constitutionality of section 1504(c) of the Foreclosure Law. He raises no issue concerning the propriety of the trial court's order granting summary judgment, or its subsequent order approving the judicial sale and entering a deficiency judgment against him. Consequently, any issues concerning those orders have been forfeited pursuant to Illinois Supreme Court Rule 341(h) (7) (eff. January 1, 2016). As this is an appeal from the trial court's ruling on a section 2–615 motion to dismiss, we employ a *de novo* standard of review. *Armagan v. Pesha*, 2014 IL App (1st) 121840, ¶ 35.

¶ 6    For his first argument, the defendant asserts that the trial court erred in denying his

---

[2] Although the defendant apparently filed an answer, it is absent from the record on appeal.

motion to dismiss, as the "deemed and construed" allegations set forth under section 1504(c) and implicitly included in the complaint in this case violate the right to procedural due process encompassed under the fifth and fourteenth amendments to the United States Constitution. In particular, he asserts that the implied allegations "appear nowhere on the face of the complaint, are not hinted at on the Clerk of the Circuit Court's answer forms, and hence, do not allow the common defendant to a mortgage foreclosure suit an opportunity to contest them." For the reasons which follow, we reject the defendant's argument.

¶ 7    We begin with the premise that all statutes are presumed to be constitutionally valid, and we have a duty to construe statutes in a manner upholding their constitutionality, if such a construction is reasonably possible. *People ex rel. Ryan v. World Church of the Creator*, 198 Ill. 2d 115, 120 (2001).

¶ 8    Section 15-1504 of the Foreclosure Law provides a form complaint which many plaintiffs employ essentially verbatim. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 43; see also *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 20 (foreclosure complaint deemed sufficient if it contains the statements and requests called for by the form set forth in section 15-1504(a)). Under subsections (c), (d), and (e) of section 15-1504, if the complaint "is 'substantially' in the specified statutory form, the allegations in the complaint 'are deemed and construed' to also include 12 more statutorily specified allegations." *Parkway Bank & Trust*, 2013 IL App (1st) 130380, ¶ 43. Among the allegations that are deemed and construed to be included in the complaint are that: on the date indicated, the obligor of the indebtedness secured by the mortgage was justly indebted to the original mortgagee or payee of the mortgage note; the exhibits attached to the complaint are true and correct copies of the mortgage and note; the mortgagor was, on the date indicated, an owner of the interest in the real

estate described in the complaint; and defaults occurred as indicated. 735 ILCS 5/15-1504(c) (West 2012). The "deemed and construed" allegations "take a number of normally innocuous and uncontested issues out of play" and, therefore, help form a balance "between a lender's interest that a foreclosure case not be bogged down by formalistic proofs over noncontroversial matters, and a mortgagor's interest in preserving h[is] property." *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶¶ 45-46. If a defendant fails to deny the "deemed and construed" allegations in his answer to a foreclosure complaint, the allegations are considered admitted. *Id.* ¶ 49.

¶ 9    In his motion to dismiss, the defendant raised no claim addressing the effect of section 15-1504(c) "as applied" to him, but based his argument on the potentially prejudicial effect of the statute upon the "common defendant" or "most [d]efendants." He made no assertion that he personally lacked notice of the "deemed and construed" allegations in the complaint or that he was otherwise prejudiced by the application of section 1504(c). Indeed, he could not reasonably make such a claim, because his knowledge of the "deemed and construed" allegations is apparent from the fact that he moved to dismiss the complaint based upon the alleged unconstitutionality of those very allegations. Consequently, any argument that the statute is unconstitutional as applied to the defendant is meritless.

¶ 10    We agree with Wells Fargo that, to the extent that the defendant raised a facial challenge to the statute, he lacked standing. In order to have standing to contest the constitutionality of a statute, a party must show that he "has sustained or is in immediate danger of sustaining a direct injury" as a result of the enforcement of that statute. *Chicago Teachers Union, Local 1 v. Board of Education*, 189 Ill. 2d 200, 206 (2000); accord, *People v. Greco*, 204 Ill. 2d 400, 409 (2003); *Messenger v. Edgar*, 157 Ill. 2d 162, 171 (1993). The claimed injury must be, in pertinent part,

"distinct and palpable." *Chicago Teachers Union, Local 1*, 189 Ill. 2d at 206. Additionally, a challenger lacks standing where the statute is constitutionally applied to him and he argues only that the statute would be unconstitutional if applied " 'to third parties in hypothetical situations' " (*In re M.I.*, 2013 IL 113776, ¶ 32 (citing *People v. Funches*, 212 Ill. 2d 334, 346 (2004))) or " 'in other situations not before the Court'." *In re Derrico G.*, 2014 IL 114463, ¶ 57, (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973)).

¶ 11    In support of his claim that section 15-1504(c) violates due process, the defendant contended that, because the allegations enumerated in that section are not included on the face of the complaint, they are essentially hidden from unsuspecting defendants leaving them "unaware" of the claims against which they must defend. However, as we have stated, the motion to dismiss does not assert that, at any point, the defendant was "unaware" of any of the allegations incorporated into the complaint filed against him by reason of the provisions of section 15-1504(c), or that he was prejudiced by the fact that they did not appear on the face of the complaint. The defendant alleged no direct, detrimental effect from the application of the statute, but merely questioned the statute's constitutionality based upon a hypothetical situation involving unknown third parties. See *Jackson*, 2012 IL App (1st) 111044, ¶ 63; see also *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2014 IL App (1st) 130544, ¶¶ 34, 36. Because the defendant failed to allege that he had sustained, or was in immediate danger of sustaining, a direct injury as the result of the enforcement of the statute, he lacked standing to assert a facial constitutional challenge to section 15-1504(c). See *In re M.I.*, 2013 IL 113776, ¶ 32.

¶ 12    Next, the defendant argues that the circuit court erred in denying his section 2-615 motion to dismiss the complaint because, as he asserted in the motion, section 15-1504(c) of the

Foreclosure Law violates the separation of powers doctrine of the Illinois Constitution. He contends that, in enacting the statute, the legislature usurped a function reserved for the judiciary; specifically, the court's power to determine what allegations are sufficient to state a claim for mortgage foreclosure. Again, we disagree.

¶ 13    Our supreme court has consistently held that, while it has the power to promulgate procedural rules to facilitate the exercise of judicial power, the legislature has the concurrent constitutional authority to enact complementary statutes. *People v. Walker,* 119 Ill. 2d 465, 475 (1988). A procedural statute enacted by the legislature will be deemed an unconstitutional infringement upon the powers of the judiciary only where that statute irreconcilably conflicts with a rule enacted by our supreme court on a matter within the court's authority. See *O'Connell v. St. Francis Hospital,* 112 Ill. 2d 273, 280-83 (1986). It is well established that the legislature has authority to impose requirements upon the judiciary governing matters of procedure and the presentation of claims. See *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57 (1992). The test is whether those requirements unduly encroach upon the judiciary's function or conflict with any of the supreme court's rules. *Id.*

¶ 14    In his motion to dismiss, the defendant failed to allege how section 15-1504 of the Foreclosure Law encroaches upon the judiciary's power to determine the sufficiency of a foreclosure complaint. Nor does he develop such an argument on appeal. He asserts only that "[w]hat constitutes a sufficient Complaint is purely judicial." We find the assertion lacking in merit.

¶ 15    Illinois Supreme Court Rule 1 (eff. July 1, 1982) provides, in relevant part, that "[t]he rules on proceedings in the trial court, together with the Civil Practice Law [735 ILCS 5/2-101 *et seq.* (West 2012)] and the Code of Civil Procedure [735 ILCS 5/1-101 *et seq.* (West 2012)], shall

govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law." The procedural provisions of which the defendant complained are set forth in Article 15 of the Civil Practice Law and, therefore, govern mortgage foreclosure actions by reason of both the legislative enactment and Supreme Court Rule 1. There simply is no conflict between section 15-1504 of the Foreclosure Law and the Supreme Court Rules. Rather, the statute and the rules are complementary. We conclude, therefore, that the procedural provisions of section 15-1504 of the Foreclosure Law are not an unconstitutional legislative encroachment upon the rulemaking power of the judicial branch of government. See *Strukoff v. Strukoff,* 76 Ill. 2d 53, 61 (1979).

¶ 16    Based upon the foregoing analysis of the issues raised by the defendant in this appeal, we find no error in the circuit court's denial of the defendant's section 2-615 motion to dismiss. Accordingly, we affirm the judgment of foreclosure and order approving sale as entered by the circuit court.

¶ 17    Affirmed.