NOTICE

Decision filed 01/25/22. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2022 IL App (5th) 200081-U

NO. 5-20-0081

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| LORI GRANT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 18-L-665 |
| | ) | |
| BRENDA JOHNSON, | ) | Honorable |
| | ) | Christopher T. Kolker, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order dismissing plaintiff's *pro se* complaint after finding the complaint frivolous in violation of Rule 137 and time-barred by the two-year statute of limitations, and the court did not abuse its discretion in assessing attorney fees and costs against plaintiff.

¶ 2    This appeal arises from the circuit court's dismissal of a *pro se* complaint filed by plaintiff, Lori Grant, against defendant, Brenda Johnson. The court found the complaint was frivolous in violation of Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and time-barred by the two-year statute of limitations, and it further awarded defendant attorney fees and costs. For the following reasons, we affirm.

1

¶ 3                                I. Background

¶ 4    On October 10, 2018, plaintiff, Lori Grant, filed a *pro se* complaint alleging that defendant, Brenda Johnson, a lifelong friend of 20 years, had engaged in sexual relations with Lori's husband, Wayne Grant, and knowingly transmitted herpes simplex 1 (HSV-1) and herpes simplex 2 (HSV-2) to Wayne, who then subsequently transmitted both HSV-1 and HSV-2 to Lori. In response, Brenda, represented by counsel, filed a motion to dismiss Lori's complaint, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)), on January 9, 2019, claiming Lori's complaint failed to state a cause of action either in law or equity. Shortly thereafter, the court entered an order continuing Brenda's motion to dismiss and granting Lori time to retain counsel. The motion to dismiss was set for March 11, 2019, and a trial was tentatively scheduled for July 8, 2019.

¶ 5    Following a hearing on March 11, 2019, the circuit court granted Brenda's motion to dismiss. The court also granted Lori leave to file an amended complaint, which Lori filed that same day. Lori's *pro se* amended complaint, titled "Answer to Motion to Dismiss," alleged that Brenda, after divorcing her husband, had an affair with Lori's husband, Wayne, and that Wayne had seriously abused Lori while he engaged in an affair with Brenda. Lori, claiming she had evidence Brenda was guilty of "TORT & STD," requested the court to deny Brenda's motion to dismiss. Brenda was granted 30 days to respond to Lori's complaint.

¶ 6    On March 22, 2019, Brenda filed motions to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (*id.* §§ 2-615, 2-619) with Brenda's affidavit attached. Brenda claimed that Lori, having failed to state a cause of action, was attempting to move forward on an alienation of affections action (*i.e.*, Alienation of Affections Act), which was no longer a cause of action under Illinois law (repealed by Pub. Act 99-90, § 1-15 (eff. Jan. 1,

2016)). Brenda also claimed that Lori had failed to bring a claim of either negligence or an intentional act within the two-year statute of limitations period. Additionally, Brenda, claiming she did not have a sexually transmitted disease, filed an affidavit attesting, *inter alia*, that she neither had sexual relations with Wayne nor transmitted HSV-1 or HSV-2 to him.

¶ 7    On March 25, 2019, Lori filed an opposition to Brenda's motions to dismiss requesting the circuit court to consider " 'tolling' " Lori's failure to bring suit within the two-year statute of limitations and go to trial on July 8, 2019. In an accompany affidavit, Lori attested that she became aware of Brenda and Wayne's sexual relations after her divorce to Wayne was finalized on March 1, 2018. Again, Lori claimed Brenda knowingly transmitted HSV-1 and HSV-2 to Wayne and that Brenda had a sexually transmitted disease because Lori had seen visual outbreaks, such as fever blisters and lesions, on Brenda's legs.

¶ 8    On May 13, 2019, following a hearing, the circuit court denied Brenda's motions to dismiss pursuant to sections 2-615 and 2-619 to allow the parties to proceed with discovery. The court's order indicated that Brenda was not barred from raising the same issues at a later date.

¶ 9    On June 6, 2019, Brenda filed a counterclaim alleging that Lori had published false and defamatory statements to third parties about Brenda with malice and knowledge that the statements were false. Claiming her good reputation for honor and integrity had been damaged by Lori's actions, Brenda demanded judgment against Lori of $100,000 in actual damages and $300,000 in punitive damages.

¶ 10    On June 25, 2019, Lori testified in a discovery deposition. At the time of the deposition, Lori had been divorced from Wayne since March 1, 2018, ending their 17-year marriage. Lori and Wayne had one child, Wayne Grant Jr., who was 20 years old at the time. Lori testified that she was first diagnosed with HSV-1 and HSV-2 in December 2014 following a blood test

3

administered by Dr. Daniel Bauer. According to Lori, Wayne sought medical attention in 2013 after experiencing cold sores. Lori testified that, although she had been faithful to Wayne over the course of their 17-year marriage, Wayne admitted to having an affair with Brenda in 2011. According to Lori, Brenda had told Wayne that Lori was cheating on him, which caused Wayne to beat up Lori and resulted in Lori obtaining a six-month order of protection against Wayne. In 2013, Lori believed Brenda and Wayne were continuing the affair because Lori's neighbor, Dave Hines, reported to Lori that he had washed Brenda's car in Lori's driveway while Brenda and Wayne were in Lori's home. According to Lori, Hines informed her that "he washed [Brenda's] car in my driveway while her and Wayne was [*sic*] in the house having sex." Additionally, Lori testified that in 2014 her neighbor, Ashia Thomas, reported that she had seen Brenda's car parked in Lori's driveway. Moreover, Lori testified that her last sexual encounter with Wayne was in January of 2015 following her diagnosis of HSV-1 and HSV-2 in December 2014. When asked why Lori thought Brenda had HSV-1 and HSV-2, Lori responded that she saw blisters on Brenda's leg in the past. Lori confirmed that Brenda had never disclosed to Lori that she had been diagnosed with HSV-1 and HSV-2, although Lori testified that Brenda had multiple sexual partners and had slept with another friend's husband in the past. Lori clarified that she was alleging that Brenda transmitted HSV-1 and HSV-2 to her as a result of Brenda and Wayne's affair.

¶ 11    On July 2, 2019, following a hearing on all pending motions, the circuit court vacated the bench trial setting for July 8, 2019. Additionally, the court ordered Brenda to produce within 30 days her OB/GYN medical records of the last five years for *in camera* review by the court, which she produced, per the record, from Quest Records, L.L.C. in a sealed envelope on July 30,

2019. The court also ordered Lori to produce within 30 days her medical records from her primary care physician and OB/GYN for the last 10 years for *in camera* review by the court.

¶ 12    On August 12, 2019, following a status hearing, the circuit court entered an order indicating that Lori had moved to voluntarily dismiss her complaint against Brenda, to which, Brenda agreed to dismiss her counterclaim without prejudice. The court dismissed the cause without prejudice.

¶ 13    On August 22, 2019, Lori filed a motion to vacate the voluntary dismissal claiming that "Judge Kolker ordered me in a room within the courtroom, on the record, stating that I should dismiss the case. Stating that I could refile the same case in one year. Stating that I have passed the State of Illinois statute of limitations." As such, Lori requested a new judge and the ability to proceed to trial to demonstrate factual evidence that the actions of Brenda were premeditated and intentional. Shortly thereafter, Lori failed to appear before the circuit court on her motion to vacate and substitute judge. The court reset all pending motions for October 16, 2019.

¶ 14    On October 16, 2019, the circuit court granted Lori's motion to reinstate[1] the cause and denied her motion to substitute judge. Again, Lori was ordered to produce her medical records for the last 10 years from her OB/GYN and primary care physician for an *in camera* review by the court. In response to the court's order, Brenda filed a motion for leave to reinstate her counterclaim *instanter*, which the court granted.

¶ 15    On December 9, 2019, the circuit court held a status hearing with parties present to review the parties' medical records that the court deemed relevant for *in camera* inspection. The report of proceedings from this hearing is not contained in the record on appeal; however, a review of Brenda's OB/GYN medical record indicates Brenda tested negative for both HSV-1

[1]Based on the record, the circuit court interpreted Lori's motion to vacate the voluntary dismissal as a motion to reinstate.

and HSV-2 from a specimen that was collected on January 9, 2019. The court set a hearing on all pending motions on January 12, 2020.

¶ 16    On January 7, 2020, Brenda filed a renewed motion to dismiss pursuant to section 2-619, claiming that Lori's action was not filed within the required two-year statute of limitations period. Additionally, Brenda claimed that her counsel had obtained an affidavit, attached to the motion to dismiss, from Wayne on November 7, 2019, claiming that Lori had engaged in sexual relations with other men during their marriage, and in particular, a man named Harry Nicholas, who she had contracted HSV-2 from in the past. Moreover, Wayne attested that he had never engaged in sexual relations with Brenda at any point in time. Thus, Brenda requested that the circuit court dismiss Lori's complaint with prejudice and allow Brenda leave to file a motion for sanctions pursuant to Rule 137 for attorney fees and costs for unnecessary delay and for filing suit with the intention of harassing Brenda. In response, Lori filed a motion in opposition to Brenda's motion to dismiss.

¶ 17    On January 30, 2020, the circuit court held a hearing on Brenda's motion to dismiss and Lori's opposition to Brenda's motion to dismiss. The court determined that Lori's complaint was a frivolous cause of action in violation of Rule 137 and time-barred by the two-year statute of limitations. The court entered an order dismissing Lori's complaint with prejudice and granting Brenda leave to file a motion for attorney fees and costs under Rule 137 within 30 days of the judgment, which Brenda later filed.

¶ 18    On February 25, 2020, the circuit court heard argument on Brenda's motion for sanctions under Rule 137. In particular, the court dismissed Lori's allegations that Brenda's counsel had produced fraudulent medical records from Quest showing that Brenda was negative for HSV-1 and HSV-2. Additionally, the court informed Lori, who had claimed that her last sexual

6

encounter with Wayne was in January of 2015, that the statute of limitations had passed, given Lori's medical records demonstrated that she was aware that she had contracted HSV-1 and HSV-2 and was aware of Wayne's affair more than two years prior to filing the lawsuit.

¶ 19    The circuit court proceeded to discuss the events of August 12, 2019, stating that "Mr. Collins gave me [Judge Kolker] permission to talk to you [Lori] *ex parte*, and *** I explained to you the problems we had legally with the Statute of Limitations and factually with the medical records and the medical causation." Thus, Judge Kolker indicated that Lori, "armed with knowledge that *** [her] case was frivolous, that it had Statute of Limitations problems and medical causation problems," agreed to dismiss the case following this conversation.

¶ 20    Following the hearing, the circuit court entered an order providing in detail that it was presumed Lori had filed a cause of action for emotional distress for allegedly having contracted HSV-1 and HSV-2 from her husband, Wayne, who had allegedly had an affair with Brenda. A review of the medical records, however, indicated that Lori knew she had contracted HSV-1 and HSV-2 more than two years prior to filing the lawsuit against Brenda, who was not a carrier of HSV-1 and HSV-2. In granting Brenda's motion for Rule 137 sanctions, the court, having indicated that it was "clear Plaintiff was obsessed with her ex-husband and Defendant," determined that the record revealed Lori "knew her husband was having affairs longer than two years prior to the lawsuit being filed and who the paramour was." The court, upon learning these facts, "asked Defendant [Brenda] for permission to speak to Plaintiff [Lori] *ex-parte*." The court "explained to Plaintiff that her case was filed outside of the statute of limitations and the medical records indicated Defendant did not have herpes." As such, Lori opted to voluntarily dismiss the cause, and Brenda dismissed her counterclaims. Ten days later, Lori, however, filed a motion to vacate the voluntary dismissal "well aware her complaint was filed past the statute of limitations

7

[and] *** that the medical records revealed that while Plaintiff had herpes, Defendant did not test positive for it," based on Brenda's medical records from Quest. As such, the court ordered Lori to pay $3155 in attorney fees and costs incurred after August 12, 2019. Lori filed a timely notice of appeal.

¶ 21                                    II. Analysis

¶ 22    On appeal, Lori raises several issues *pro se*, although this court notes it is difficult to fully ascertain her points of contention. First, Lori argues that the circuit court erred in not ordering Brenda to provide a blood test to the court to rule out HSV-1 and HSV-2 and for accepting medical records from an unrequested source. Specifically, Lori claims the court dismissed her case and ordered her to pay attorney fees and costs without acknowledging any of the information she had provided that proved Brenda had submitted false documentation of her medical records. Additionally, Lori claims the court erred in documenting that she was infatuated with Wayne; the court failed to find that Brenda had committed perjury on several approved court documents; the court failed to review issues pertaining to Wayne taking immune system enhancers; and in failing to review the signed affidavits of David Hines, Lori's neighbor.

¶ 23    Before addressing Lori's contentions, we must first address the circuit court's dismissal of Lori's complaint with prejudice. When a defendant makes a motion to dismiss the plaintiff's complaint based on the statute of limitations under section 2-619, all well-pleaded facts and reasonable inferences are accepted as true for the purpose of the motion. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 84-85 (1995). A section 2-619 motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. *Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago*, 189 Ill. 2d 200, 206 (2000). Here, Brenda contends that all of the alleged conduct contained in Lori's complaint

8

took place outside of the two-year statute of limitations for personal injury. We agree that a cause of action for intentional infliction of emotional distress, as claimed by Lori, is subject to a two-year limitations period. 735 ILCS 5/13-202 (West 2020).

¶ 24 Generally, a limitations period begins to run when facts exist that authorize one party to maintain an action against another. *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 266 (2001) (quoting *Davis v. Munie*, 235 Ill. 620, 622 (1908)). Here, Lori testified that Brenda and Wayne allegedly started their affair in 2011, which led to Lori's diagnosis with HSV-1 and HSV-2 in December 2014 following a blood test. Lori also testified that the last time she and Wayne had sexual relations was in January of 2015 after Lori was diagnosed. Moreover, the medical records before the court demonstrated that, although Lori was positive for HSV-1 and HSV-2, Brenda was not a carrier. Despite this, Lori filed her *pro se* complaint on October 12, 2018, well past the two-year statute of limitation requirement. Accordingly, the circuit court properly dismissed Lori's complaint as time-barred. With that said, this court need not address Lori's additional arguments concerning the court's dismissal.

¶ 25 Lastly, we must address the circuit court's imposition of Rule 137 sanctions for attorney costs and fees against Lori. The purpose of Rule 137 is to prevent parties from abusing the judicial process by imposing sanctions on litigants who file vexatious and harassing actions based upon unsupported allegations of fact or law. *Burrows v. Pick*, 306 Ill. App. 3d 1048, 1050 (1999). The party seeking to have sanctions imposed by the court must demonstrate that the opposing litigant made untrue and false allegations without reasonable cause. *Id.* at 1050-51. On review, this court must decide whether the circuit court's decision was "informed, based on valid reasons, and followed logically from the circumstances of the case." *Id.* at 1051. A ruling on

Rule 137 sanctions will not be overturned unless the court abused its discretion. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998).

¶ 26     Again, here, Lori filed her *pro se* complaint well past the two-year statute of limitation requirement on October 10, 2018. Prior to Lori voluntarily dismissing her complaint, Brenda filed a motion to dismiss claiming that Lori had failed to bring the cause of action within the two-year statute of limitations period. Additionally, the record shows that the circuit court informed Lori on August 12, 2019, that her claim was time-barred. The record also shows that Lori was aware that Brenda's January 9, 2019, medical records demonstrated that Brenda was negative for both HSV-1 and HSV-2. Despite this knowledge, Lori elected to reinstate the complaint. Thus, the record is clear that Lori had prior knowledge that her presumed claim of intentional infliction of emotional distress was barred by the statute of limitations and that the medical evidence disproved Lori's underlying factual allegations concerning Brenda's knowing transmission of HSV-1 and HSV-2 in her *pro se* complaint. Under these circumstances, we cannot find that the circuit court abused its discretion in awarding Brenda Rule 137 sanctions for attorney fees and costs. Lastly, we deny Brenda's request on appeal for this court to impose Rule 375 sanctions against Lori for attorney fees and additional costs.

¶ 27                                   III. Conclusion

¶ 28     For the reasons stated, we affirm the circuit court's order dismissing plaintiff's complaint after finding the complaint frivolous in violation of Rule 137 and time-barred by the two-year statute of limitations. In addition, we cannot find that the court abused its discretion in assessing attorney fees and costs against plaintiff.

¶ 29     Affirmed.